Justice THOMAS, dissenting.
I continue to adhere to the view that the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., does not apply to proceedings in state courts. See Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 285-297, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (THOMAS, J., dissenting); see also DIRECTV, Inc. v. Imburgia, 577 U.S. ----, ----, 136 S.Ct. 463, 465-466, 193 L.Ed.2d 365 (2015) (same); Preston v. Ferrer, 552 U.S. 346, 363, 128 S.Ct. 978, 169 L.Ed.2d 917 (2008) (same); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006) (same); Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 460, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003) (same); Doctor's *1430 Associates, Inc. v. Casarotto, 517 U.S. 681, 689, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996) (same). In state-court proceedings, therefore, the FAA does not displace a rule that requires express authorization from a principal before an agent may waive the principal's right to a jury trial. Accordingly, I would affirm the judgment of the Kentucky Supreme Court.